**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1193
_____

FRANK JAMES BYRNE, JR.,
Appellant

v.

BERKS COUNTY JAIL; C/O NEIF; B.C.J.S. PRIME CARE;
NURSE SHANNON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-23-cv-05071)
District Judge:  Honorable John F. Murphy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 23, 2024

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: May 31, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PER CURIAM

Frank J. Byrne, Jr. appeals the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We will summarily affirm the District Court's order.

The facts of this case are well known to the parties and set forth in the District Court's order and need not be discussed at length. Byrne alleged that the named defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA") by disclosing Byrne's prescribed medications to "a whole day room" of fellow prisoners and guards. The District Court screened and dismissed the complaint for failure to state a claim after concluding that Byrne was attempting to sue under a federal law that provided no private right of action. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. The District Court correctly concluded that HIPAA does not provide a private right of action. See Payne v. Taslimi, 998 F.3d 648, 660 (4th Cir. 2021) (noting that "[e]very circuit court to consider whether HIPAA created a private right to sue has found that it does not" and citing cases from the Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits). As a result, Byrne's complaint fails to state a claim on which relief could be granted. Finally, we agree with the District Court that further amendment would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[1]

---

[1] On appeal, Byrne merely reasserts his allegations that the defendants violated his rights under HIPAA, and does not discuss whether or not private citizens may bring a

For the above reasons, we will summarily affirm the District Court's order. <u>See</u> 3d

Cir. L.A.R. 27.4.

---

claim under the law. HIPAA delegated enforcement authority to the Secretary of the Department of Health and Human Services. <u>See</u> <u>Meadows v. United Servs., Inc.</u>, 963 F.3d 240, 244 (2d Cir. 2020) (citing 42 U.S.C. § 1320d-5(a)(1)).